**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| ARSHDEEP SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03559-MBB |
| | ) | |
| JASON JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Arshdeep Singh petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241 and moves for a temporary restraining order. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 4); (**Doc. 9**, p. 22). And he argues that his continued mandatory detention violates the Constitution. (**Doc. 1**, p. 4); (**Doc. 9**, p. 18). He asks the Court to order the Government to immediately release him or provide a bond hearing. (**Doc. 1**, p. 27); (**Doc. 9**, p. 25). Because Petitioner's detention does not violate his right to due process, the Administrative Procedure Act (the "APA"), the Suspension Clause, or the Equal Protection Clause, the petition is DENIED.

**Background**

Petitioner, a citizen of India, entered the United States illegally in 2022. (**Doc. 1-2**, p. 6). The Department of Homeland Security ("DHS") arrested him, initiated removal proceedings, and released into the country under 8 U.S.C. § 1226. (***Id.*** at pp. 4, 6, 10); (**Doc. 1**, p. 4). Petitioner filed an application for asylum. (**Doc. 1-2**, p. 12). He received employment authorization and worked as a commercial truck driver. (***Id.*** at pp. 4, 10). On August 19, 2026, DHS allegedly re-arrested Petitioner and detained him without bond. (**Doc. 1**, pp. 15-16). He remains detained

under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.*** at p. 12); (**Doc. 11**, p. 3).

On September 8, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). (**Doc. 1**). He argues that DHS violated his Constitutional right to procedural due process when it revoked his conditional parole. (***Id.*** at pp. 19-22). He argues that his continued detention without bond violates his right to substantive due process. (***Id.*** at pp. 18-19). And he argues that his detention violates the APA, the Suspension Clause, and the Equal Protection Clause. (***Id.*** at pp. 22-27). On September 10, 2027, he filed a Motion for a Temporary Restraining Order (the "TRO"). (**Doc. 9**). Like the Petition, the TRO argues that Petitioner's re-detention and his continuing detention violate his rights to procedural and substantive due process. (***Id.*** at pp. 14-23). It asks for the same relief: immediate release or a bond hearing. (***Id.*** at p. 25).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief."). And a TRO "cannot issue if there is no chance of success on the merits." *See* ***Mid-America Real Estate Co. v. Iowa Realty Co., Inc.***, 406 F.3d 969, 972 (8th Cir. 2005).

Petitioner fails to carry his burden in the Petition. His mandatory detention pending removal proceedings does not violate his right to due process, the APA, the Suspension Clause, or the Equal Protection Clause. He is not entitled to preliminary relief because his claims fail on the merits.

## I. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner urges the Court to evaluate his due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. *See* ***Mathews v. Eldridge***, 424 U.S. 319 (1976). But the Court does not apply the *Mathews* balancing test when considering mandatory detention of removable aliens. *See* ***Baynee v. Garland***, 115 F.4th 928, 933 (8th Cir. 2024) (noting that the Supreme Court has "already done whatever balancing is necessary"). Petitioner cites district court cases relying on *Mathews* to resolve immigration detention matters like his. But "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011).

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee***, 115 F.4th at 932. *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for

as long as deportation proceedings are still 'pending.'" ***Baynee***, 115 F.4th at 933, *quoting* ***Demore***, 538 U.S. at 527.

Petitioner argues that his re-detention without bond and his continuing detention violate his right to procedural due process. But the legislative scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. And the Government may continue to detain Petitioner under Section 1225(b)(2)(A) because he is an "applicant for admission," "seeking admission," who is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila v. Bondi***, 170 F.4th 1128, 1133-34 (8th Cir. 2026). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

## II. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v.***

***Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* ***id.*** at 728.

Freedom from imprisonment "lies at the heart of the liberty [the Due Process Clause] protects." ***Zadvydas***, 533 U.S. at 690. But detention during removal proceedings is presumptively constitutional. *See* ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See* **Glucksberg**, 521 U.S. at 721. Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending removal proceedings. Before 1907, there was no provision permitting bail for *any* aliens during removal proceedings. ***Demore***, 538 U.S. at 523 n.7. A removable alien's right to release pending removal proceedings is not "deeply rooted in this Nation's history and tradition." *See* ***Minnesota Deer Farmers***, 146 F.4th at 670. And detention pending removal proceedings is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See* ***Demore***, 538 U.S. at 528.

**III. Relief is not available under the APA.**

The APA "provides for review of a final agency action for which there is no other adequate remedy in a court." *See* ***Union Pac. R.R. Co. v. United States R.R. Ret. Bd.***, 162 F.4th 908, 917 (8th Cir. 2025) (internal quotation marks omitted). The "no other adequate remedy" requirement

ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review." ***Bangura v. Hansen***, 434 F.3d 487, 501 (6th Cir. 2006); ***Bowen v. Massachusetts***, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas." ***Trump v. J. G. G.***, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (explaining that APA claims and habeas claims follow different litigation paths).

Even if Petitioner challenges a final agency action, this petition provides judicial review of the Government's decision to detain him without bond. *See* ***Zadvydas***, 533 U.S. at 687. So there is an "adequate remedy in court," which precludes Petitioner's APA claim. *See* ***Union Pac. R.R.***, 162 F.4th at 917. *See also* ***Dominguez v. Mordant***, 2026 WL 1098252, at *3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition"); ***Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences).

**IV. Petitioner's detention does not violate the Suspension Clause.**

Petitioner argues that his mandatory detention amounts to suspension of the Writ of Habeas Corpus. He is mistaken. "The Suspension Clause provides that '[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.'" ***Thuraissigiam***, 591 U.S. at 116, *quoting* **U. S. Const., Art. I, § 9, cl. 2**. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." ***Preiser v. Rodriguez***, 411 U.S. 475, 484 (1973). Here, Petitioner attacks the legality of his continued custody. And the Court has jurisdiction to review his claims under 28 U.S.C. § 2241.

The Court reviewed his claims and finds them lacking. Petitioner's Suspension Clause claim fails. *See* ***Chi v. Warden, Bluebonnet Det. Facility***, 2026 WL 1062625, at *3 (N.D. Tex. April 13, 2026) (explaining that a petitioner's Suspension Clause claim was "puzzling" because the court exercised jurisdiction under 28 U.S.C. § 2241 to review the merits of the petition).

## V. Petitioner's detention does not violate the Equal Protection Clause because his detention is related to a legitimate state interest.

"[A] statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." ***F.C.C. v. Beach Commc'ns, Inc.***, 508 U.S. 307, 313 (1993); ***Doe, I v. Peterson***, 43 F.4th 838, 842 (8th Cir. 2022) ("A court must uphold a classification so long as it is rationally related to any conceivable, legitimate state purpose."). As discussed, Petitioner's detention does not implicate a fundamental right. His mandatory detention under Section 1225(b)(2)(A) is rationally related to the legitimate government interest of successfully removing aliens if they are ordered removed. *See* ***Demore***, 538 U.S. at 528. And he presents no evidence that the Government is treating him differently than similarly situated individuals. *See* ***Plaintiff A v. Park Hill Sch. Dist.***, 97 F.4th 586, 592 (8th Cir. 2024) ("Plaintiffs and their comparators must be similarly situated in all relevant respects." (internal quotation marks omitted)). His Equal Protection claim fails.

## Conclusion

Petitioner's detention without bond does not violate his right to due process, the APA, the Suspension Clause, or Equal Protection. The Petition for a Writ of Habeas Corpus (**Doc. 1**) is DENIED. The Motion for a Temporary Restraining Order (**Doc. 9**) is likewise DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2026